**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIE JUSTICE,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>ALBERTSONS CORP.; ALBERTSONS # 6713; DANNY BAKER; JEREMY CLUGSTON, ET AL.,<br><br>　　　　　　　　　Defendants. | CASE NO. 11-CV-2253-H (BLM)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS UNDER 12(B)(6);**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT UNDER 12(E); AND**<br><br>**(3) GRANTING DEFENDANTS CLUGSTON AND BAKER'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UNDER 12(B)(4) & 12(B)(5)** |

On December 30, 2011, Plaintiff filed her second amended complaint. (Doc. No. 55.) On January 6, 2012, Defendants New Albertson's, Inc., Danny Baker, and Jeremy Clugston filed a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, a motion to dismiss under 12(b)(4) and 12(b)(5) for insufficient service of process, and, in the alternative, a motion under 12(e) for a more definite statement. (Doc. No. 57.)

1    The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines these
2 matters to be appropriate for resolution without oral argument, submits it on the parties'
3 papers, and vacates the motion hearing set for February 6, 2012. For the following reasons,
4 the Court denies in part Defendants' motion to dismiss under 12(b)(6), grants in part
5 Defendants' motion to dismiss under 12(b)(6), denies Defendants' motion for a more definite
6 statement, and grants Defendants Clugston and Baker's motion to dismiss for insufficient
7 service of process.

## **Background**

10    On September 28, 2011, Plaintiff Christie Justice, proceeding pro se, filed a complaint
11 arising out of the termination of her employment with Defendants Albertson's Corp. and
12 Albertson's # 6713. (Doc. No. 1.) On October 19, 2011, Defendants filed a motion to dismiss
13 or strike portions of the complaint, or for a more definite statement. (Doc. No. 9.) On October
14 21, 2011, Plaintiff filed her response in opposition to the motion to dismiss. (Doc. No. 14.)
15 On October 26, 2011, Plaintiff filed her first amended complaint. (Doc. No. 17.) On
16 November 2, 2011 and November 3, 2011, Plaintiff submitted two new documents entitled
17 "amended complaint." (Doc. Nos. 21 & 23.) On November 8, 2011, in light of the amended
18 complaint, the Court denied as moot Defendant's motion to dismiss. (Doc. No. 25.)

19    On November 8, 2011, Plaintiff filed a motion for leave to file exhibits with her
20 amended complaint. (Doc. No. 27.) On November 21, 2011 and November 29, 2011, Plaintiff
21 filed two additional motions seeking to submit exhibits to her complaint. (Doc. Nos. 37 & 45.)
22 On December 5, 2011, the Court granted Defendants' motion to dismiss with leave to amend
23 and denied as moot Plaintiff's additional motions. (Doc. No. 53.)

24    On December 30, 2011, Plaintiff filed her second amended complaint. (Doc. No. 55.)
25 On January 6, 2012, Defendants Albertson's, Inc., sued as Albertsons # 6713 and Albertsons
26 Corp., Danny Baker, and Jeremy Clugston filed their motion to dismiss for failure to state a
27 claim or, in the alternative, a motion for a more definite statement, and their motion to dismiss
28 for insufficient service of process. (Doc. No. 57.) The Court issued a scheduling order on

January 26, 2012 requesting Plaintiff to respond to Defendants' motion to dismiss by February 1, 2012. (Doc. No. 58.) Plaintiff did not file a response.

## Discussion

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

  **A. Plaintiff's Second Amended Complaint**
    **1. Wrongful Termination, Gender Discrimination, and Family Medical Leave Act**

After reviewing Plaintiff's second amended complaint, the Court concludes that Plaintiff has met the pleading standard and provided notice to Defendants of the claims against

them and the grounds on which they rest. As Defendants noted in their motion to dismiss, Plaintiff pleads wrongful termination, gender discrimination, and a violation of the Family Medical Leave Act. (Doc. Nos. 55 & 57.) Further, Plaintiff provides details that inform Defendants of the facts underlying Plaintiff's causes of action. (Doc. No. 55.) Defendants' arguments regarding these causes of actions are better suited for a motion for summary judgment. Therefore, the Court denies in part Defendants' motion to dismiss under 12(b)(6) based on Plaintiff's pleading of wrongful termination, gender discrimination, and a violation of the Family Medical Leave Act. The Court directs Defendants to file an answer to Plaintiff's second amended complaint on these causes of actions.

### 2. Plaintiff's Other Claims

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. at 1949.

However, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.; see also Twombly, 550 U.S. at 570 (explaining that when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed"). Moreover, allegations that amount to no more than a "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to state a claim. Iqbal, 129 S. Ct. at 1940 (citations omitted).

With regard to Plaintiff's other alleged claims, the Court concludes that Plaintiff's second amended complaint falls short of the pleading requirements of the Rule 8. Plaintiff fails to plead sufficient facts to support any other claims. (Doc. No. 55.) The second amended

1  complaint alleges that Defendants committed a variety of wrongs against her, but Plaintiff fails
2  to provide any factual bases beyond "defendant-unlawfully-harmed-me" accusations. (Doc.
3  No. 55.) Accordingly, the Court grants Defendants' motion to dismiss in part without leave
4  to amend with respect to all other of Plaintiff's claims.

**II.    Motion for a More Definite Statement Pursuant to Rule 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure allows a court to order a more definite statement in response to pleading deficiencies "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that party cannot be reasonably required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "A motion for a more definite statement is used to provide a remedy for an unintelligable pleading rather than a correction for lack of detail." N. Cnty. Commc'ns Corp. v. Sprint Commc'ns Co., No. 09-CV-02685 BEN (Wmc), 2010 WL 1499289, at *1 (S.D. Cal. Apr. 12, 2010). A Rule 12(e) motion is proper only when the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Wilson v. PFC LLC, No. 06-CV-1046-WQH (NLS), 2006 WL 3841517, at *2 (S.D. Cal. Nov. 2, 2006).

Defendants argue that, in the alternative, the Court should grant their motion for a more definite statement because Plaintiff's second amended complaint is confusing to the point that Defendants cannot ascertain what claims are being asserted. (Doc. No. 57.) However, in their motion to dismiss, Defendants successfully identify several of Plaintiff's claims, which leads the Court to conclude that Defendants could reasonably prepare a response to Plaintiff's second amended complaint. Further facts underlying Plaintiff's claims may be ascertained through the discovery process. Additionally, Defendants' arguments regarding these causes of actions are better suited for summary judgment. Because Defendants were able to understand the nature of the claims asserted against them, as demonstrated in their motion, the Court denies Defendants' motion for a more definite statement pursuant to Rule 12(e).

///

///

### III. Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(4)

The Court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007). Therefore, Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure permit a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5). Rule 12(b)(4) enables the defendant to attack the form of the proof of service, and Rule 12(b)(5) enables the defendant to attack the manner in which service was attempted. Id. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If the Plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

#### A. Original Complaint and First Amended Complaint

Defendants argue that Defendants Baker and Clugston have never been properly served with any of Plaintiff's complaints. Service upon an individual may be made by following state law for serving a summons where the district court is located or where service is made. Fed. R. Civ. P. 4(e). Service upon an individual may also be made by delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Id.

The Court concludes that when attempting to serve the original complaint, Plaintiff did not serve Defendants Baker and Clugston in compliance with Rule 4(e). According to the original complaint's proof of service, Plaintiff served the on-duty manager at Albertson's rather than personally serving Defendants Baker or Clugston. (Doc. No. 5.) Additionally, Plaintiff did not serve Defendants Baker or Clugston at their residence or by delivering a copy to a representative authorized to accept service. Lastly, Plaintiff did not comply with

1  California law, which requires personal service attempts prior to leaving a copy of the
2  summons and of the complaint during usual office hours at a plaintiff's office. Cal. Civ. Proc.
3  Code § 415.20(a).

4  In addition, Defendants argue that Plaintiff's service was improper because Plaintiff
5  failed to serve any summons with the original complaint. According to Rule 4, "[a] summons
6  must be served with a copy of the complaint." Because the original complaint was allegedly
7  served on September 28, 2011 but the Clerk's Office did not issue summons until October 13,
8  2011, Plaintiff could not have properly served summons with the complaint. Therefore, the
9  Court concludes that Plaintiff's service of the original complaint upon Defendants Clugston
10 and Baker was improper.

11 With regard to the first amended complaint, it appears from the record that Plaintiff's
12 proof of service generally states that she served all Defendants by leaving the complaint with
13 the customer service counter at Albertson's. As stated above, merely leaving a complaint at
14 Defendants' place of business without attempting personal service is insufficient under Rule
15 4. Therefore, the Court concludes that Defendants Clugston and Baker were improperly and
16 insufficiently served both the original complaint and first amended complaint under Rule 4.

17

18 **B.    Second Amended Complaint**

19 With respect to the second amended complaint, Defendants argue that Plaintiff
20 improperly served Defendants Baker and Clugston by sending a copy of the second amended
21 complaint to defense counsel, who Defendants Baker and Clugston had not yet retained. (Doc.
22 No. 57.) Although Rule 4 contemplates service on an agent authorized by appointment,
23 Defendants Baker and Clugston had not authorized defense counsel to receive service on their
24 behalf. (Doc. No. 57.) Therefore, the Court concludes that Plaintiff failed to properly serve
25 the second amended complaint on Defendants Baker and Clugston. Accordingly, the Court
26 grants Defendants' motion to dismiss the complaint against Defendants Baker and Clugston.
27 ///
28 ///

**Conclusion**

For the foregoing reasons, the Court denies Defendants' motion to dismiss under (12)(b)(6) as to Plaintiff's wrongful termination, gender discrimination, and Family Medical Leave Act claims. Accordingly, the Court directs Defendants to file an answer to Plaintiff's second amended complaint on these causes of actions within thirty days. The Court grants Defendants' motion to dismiss under 12(b)(6) as to all of Plaintiff's other claims. The Court grants Defendants' motion to dismiss the complaint against Defendants Baker and Clugston, under Rules 12(b)(4) and 12(b)(5).

**IT IS SO ORDERED**.

Dated: February 2, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT